IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM CHRISTMAN,

        Petitioner,

vs.

SUE HUBBARD,

        Respondent.

No. C 07-3654 WHA (PR)

**ORDER REOPENING CASE; ORDER TO SHOW CAUSE**

This pro se habeas action was filed on July 17, 2007. On that same day the court notified petitioner that his application for leave to proceed in forma pauperis was deficient because he had provided neither a copy of his inmate trust account nor a certificate of funds in his inmate account. Petitioner was informed that if he did not either pay the fee or file the missing items within thirty days the case would be dismissed. Petitioner mailed back to the court the notice of deficiency and the documents included with it, but did not cure the deficiency. The clerk re-mailed the notice and documents to petitioner. When it appeared he had not responded further, the case was dismissed.

Petitioner has written to the clerk saying that in fact he paid the fee before the deadline. He asks that his case be reopened. The letter will be treated as a motion to reconsider.

**I.    MOTION TO RECONSIDER**

The finance department of the court reports that a five-dollar payment was received from petitioner on August 9, 2007, within the time allowed by the clerk's notice. For some reason the fact that the fee had been paid did not reach the docket, so the Court was not aware

of the payment when it entered the dismissal. The motion to reconsider will be granted. *See* Fed. R.Civ.P. 60(b)(1) (allowing relief from judgment entered as a result of mistake); *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999) ("mistake" in Rule 60(b)(1) includes mistake of fact by the court).

## II. REVIEW OF PETITION

### A. STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

### B. LEGAL CLAIMS

Petitioner was convicted on four counts of carrying a concealed dirk or dagger. *See* Cal. Penal Code § 12020(a)(4). He asserts this was because he had recently-purchased kitchen knives in his pocket when stopped by police. Petitioner asserts that the statute is insufficient to give notice that carrying kitchen knives in one's pocket would violate it, so is unconstitutionally vague. This claim is sufficient to require a response.

///

///

**CONCLUSION**

1. The motion to reconsider (document number 8 on the docket) is **GRANTED**. The clerk shall reopen the case.

2. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with the court and serve on petitioner within sixty days of service of this order, an answer showing cause why a writ of habeas corpus should not be granted. Respondent shall file the record with the answer.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of service of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer. If she does, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition. If a motion is filed it will be ruled upon without oral argument, unless otherwise ordered.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a copy of the document to respondent's counsel. Papers intended to be filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and comply with any orders of the court within the time allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September ___11___, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\christman3654.REOPEN-OSC.wpd

3